300 Ga. 762
FINAL COPY

S16Y1645. IN THE MATTER OF KEITH BRIAN HARKLEROAD.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Respondent Keith Brian Harkleroad (State Bar No. 326382) based on his violations of Bar Rules 5.5 (a), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 5.5 (a) and 8.4 (a) (4) is disbarment, while the maximum sanction for a violation of Rule 9.3 is a public reprimand. The State Bar attempted to serve Harkleroad personally at the address he listed with it, but the sheriff filed a return of service non est inventus. The State Bar then properly served Harkleroad by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). As Harkleroad failed to file a Notice of Rejection, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Harkleroad's default, show that in May 2015 Harkleroad, who was admitted to the State Bar in June 1999, was

suspended for failure to comply with his mandatory continuing legal education requirements, and that in September 2015, he further ceased to be a member in good standing of the Georgia Bar as a result of his failure to pay his Bar dues. Nevertheless, Harkleroad continued to represent a client in a criminal case in which the client was charged with murder in the Superior Court of Coffee County. The client's trial began on October 25, 2015, with Harkleroad representing the client. Following that day's proceedings, the prosecution learned that Harkleroad was not then a member in good standing and advised the court of its discovery outside the presence of the jury. According to the Notice of Discipline, Harkleroad told the court that he had recently sent a check to pay his Bar dues and that he acquired six hours of continuing legal education credit. The court allowed Harkleroad to leave the courtroom to check on his membership status. When Harkleroad returned, he told the court that he had spoken with a representative of the Bar and had been told that he needed eight hours of continuing legal education credit. The court declared a mistrial in the client's murder case and filed a grievance against Harkleroad. At that time, Harkleroad needed 18 hours of continuing legal education credit and no check for payment of Bar dues from Harkleroad was ever received by the Bar.

Moreover, Harkleroad did not cooperate with the Office of General Counsel's investigation of this grievance and did not submit a response to the Notice of Investigation.

We have reviewed the record, and we agree with the State Bar that Harkleroad has violated Rules 5.5 (a), 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Moreover, despite the fact that Harkleroad has no prior disciplinary history, we agree that disbarment is an appropriate sanction in this matter, particularly in light of the aggravating facts that Harkleroad acted with a dishonest motive and that he has substantial experience in the practice of law. Accordingly, the name of Keith Brian Harkleroad hereby is removed from the rolls of persons entitled to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided March 20, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.